UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARTIN REYNOLDS**, <br> Petitioner, <br><br> v. <br><br> **STEPHEN M. DICKSON**, <br> Administrator, Federal Aviation Administration <br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) **PETITION FOR WRIT OF MANDAMUS** |

Martin Reynolds, by and through his undersigned counsel, hereby petitions this court for a Writ of Mandamus, and submits the following in support of:

## STATEMENT OF JURISDICTION

Jurisdiction is proper in this court. "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Jurisdiction is also proper in this court because the underlying action is based on Federal Regulations, which causes a Federal Question. *See* 28 U.S.C. § 1331.

## STATEMENT OF FACTS

1. On September 6, 2017, Martin Reynolds (hereinafter "Petitioner") applied for First-class airman medical certification with the Federal Aviation Administration (hereinafter "FAA").

2. On April 26, 2018, the Office of Aerospace Medicine provided correspondence to Petitioner noting that:

> "[w]e have reviewed your Agency airman medical file and your application for first-class airman medical certification of September 6, 2017. The available medical evidence reveals that you did not disclosed medical history or other information required on your applications for airman medical certification, specifically as follows:
>> Under Item 18v.: [m]ultiple motor vehicle violations between October 1, 2001 through January 16, 2002 resulting in suspension of your Florida Driver's License four times…[m]ultiple motor vehicle violations between April 18, 2002 through June 3, 2002 resulting in suspension of your Florida Driver's license for additional times.
>
> This letter is to inform you that this matter is under investigation by the Federal Aviation Administration for falsification of your application(s) under Title 14, Code of Federal Regulations (C.F.R.), Section 67.403."

3. More than eight months later, on May 23, 2018, the Office of Aerospace Medicine provided correspondence to Petitioner noting that:

> "[y]our medical records are being forwarded to the Federal Air Surgeon's Office for review. We will notify you promptly when a decision has been made on your file."

4. On February 6, 2020, the Office of Aerospace Medicine provided correspondence to Petitioner, once more, noting that the agency was not pursuing enforcement action, in light of the April 26, 2018 Letter of Investigation. Furthermore, the agency noted that Petitioner's application for airman medical certification of September 6, 2017 was "no longer current" and that "[the agency] cannot render an opinion on [Petitioner's] qualifications for airman medical certification."

5. To date, Petitioner has not received a determination on his application for airman medical certification—and thus cannot invoke any right to appeal a determination.

6. The agency has unreasonably delayed any action concerning issuance of Petitioner's airman medical certificate following his application of September 6, 2017.

7. By unreasonably delaying any action for nearly three years, the FAA has effectively denied Petitioner's application without issuing a final order that would be subject to judicial review under 49 U.S.C. § 44703(d)(1).

8. Due to the unreasonable delay in determining Petitioner's eligibility for airman medical certification, Petitioner has not been able to obtain airman certification and resume his career as a professional airman. Such delay has economically harmed Petitioner.

## STATEMENT OF CLAIMS

As discussed below, Petitioner respectfully requests that this Court grant the petition for a writ of mandamus because: (i) Petitioner lacks a statutorily prescribed remedy for relief from the FAA's unreasonable delay; and (ii) analysis of the factors that this Court set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (hereinafter referred to as "TRAC") establishes that the issuance of a writ of mandamus in this case is appropriate.

**I. PETITIONER DOES NOT HAVE AN ADEQUATE, ORDINARY REMEDY TO OBTAIN RELIEF FROM THE FAA'S UNREASONABLE DELAY TO EITHER ISSUE AN AIRMAN MEDICAL CERTIFICATE OR DENY APPLICATION FOR AIRMAN MEDICAL CERTIFICATION PURSUANT TO 49 U.S.C. § 44703.**

### a. *Unreasonable Agency Delay Cannot Be Appealed.*

It is an established principal that "mandamus is an extraordinary remedy that may be invoked only if the statutorily prescribed remedy is clearly inadequate." *In Re GTE Service Corp.*, 762 F.2d 1024, 1027 (D.C. Cir. 1985). In *TRAC*, the "remedy of appeal was clearly inadequate because there was no order from which to take an appeal." *Id*.

Although a final denial by the Federal Air Surgeon may be appealed to the National Transportation Safety Board pursuant to 49 C.F.R. § 44703(d)(1), such a remedy is clearly not

available in the case at bar because the agency's unreasonable delay does not involve the issuance of a final order from which Petitioner may seek judicial review. Thus, by unreasonably delaying the issuance of any final decision in this matter, the Federal Air Surgeon has effectively precluded Petitioner from ever invoking the National Transportation Safety Board's judicial review pursuant to 49 C.F.R. § 44703(d)(1).

As such, Petitioner has a right to a writ of mandamus because the statutorily prescribed remedy is clearly inadequate.

    b. **A Petition For A Writ of Mandamus Is Petitioner's Only Remedy.**

Petitioner has not had an opportunity to invoke an adequate, ordinary remedy to obtain relief from the FAA's unreasonable delay in either issuing his airman medical certificate or denying his application for airman medical certification. Pursuant to All Writs Act, "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions…" 28 U.S.C. § 1651(a). The Writ of Mandamus is an "extraordinary remedy, however, and will usually be denied when the petitioner could have invoked an adequate, ordinary remedy." *In re GTE Service Corp.*, 762 F.2d 1024, 1026-1027 (D.C. Cir. 1985) (citations omitted). "Only where an appeal can promise no more than a clearly inadequate remedy may the remedy of mandamus be resorted to, and it is well-established that the remedy may not be invoked as a mere substitute for appeal." *Id*. (citations omitted).

Here, as referenced above, no ordinary remedy has ever existed – at any time – which Petitioner could have invoked to obtain relief from the delay perpetuated by the FAA. To that end, there is no remedy which would have provided judicial relief from the FAA's unreasonable 29-month delay following application for airman medical certification.

As such, Petitioner present petition for a Writ of Mandamus is the only judicial remedy available at this time.

## II.     THE *TRAC* FACTORS COMPEL MANDAMUS

Without a Writ of Mandamus, the FAA may never take any action to issue a final determination as to Petitioner's eligibility for airman medical certification, leaving the Petitioner in a perpetual state of limbo. Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 228 U.S. App. D.C. 295, 709 F.2d 1521, 1533 (D.C. Cir. 1983). This Court has previously set forth the standard and relevant factors to consider in assessing claims of agency delay, and stated the following

> "Claims of unreasonable agency delay clearly fall into that narrow class of interlocutory appeals from agency action over which we appropriately should exercise our jurisdiction. It is obvious that the benefits of agency expertise and creation of a record will not be realized if the agency never takes action. Agency delay claims also meet Judge Leventhal's suggested criteria for our interlocutory intervention -- not only is there an outright violation of 5 U.S.C. § 555(b)'s mandate that agencies decide matters in a reasonable time, there also is no need for the court to consider the merits of the issue before the agency. Finally and most significantly, Congress has instructed statutory review courts to compel agency action that has been unreasonably delayed. 5 U.S.C. § 706(1)."

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) (emphasis added).

As fully set forth above, the TRAC factors compel mandamus.  Most significantly, there is no "rule of reason" to the FAA's delay in this matter.  This most important TRAC factor requires that "the time agencies take to make decisions must be governed by a 'rule of reason.'" *In re Core Communs., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).

Here, Petitioner has provided the FAA with all of the evidence he has concerning his eligibility for airman medical certification, and thus, the agency has a clear duty to act by establishing his eligibility for airman medical certification.

Therefore, this Court should grant Petitioner's petition for a writ of mandamus.

## DEMAND FOR RELIEF

Petitioner does not have an adequate remedy in the ordinary course of law to compel the Administrator of the Federal Aviation Administration to act upon his application for an unrestricted airmen medical certificate. Wherefore, Petitioner prays as follows:

1. Direct the Federal Aviation Administration to issue a determination of eligibility regarding the pending application, and;

2. Such other relief to be granted that the Court considers proper.

Dated: April 29, 2020.

Respectfully Submitted,

       */s/ Douglas P. Desjardins*       
Douglas P. Desjardins
Bar No. 448370
dpd@pangialaw.com
Pangia Law Group
1717 N Street, NW
Suite 300
Washington, DC 20036
w.202.638.5300
f.202.393.1725